IN THE DISTRICT COURT IN AND FOR<br>
THE SOUTHERN DISTRICT OF FLORIDA<br>
FORT LAUDERDALE DIVISION

CASE NO.

RANDY ROBLES,

    Plaintiff,

v.

CREDIT COUNSEL, INC.,

    Defendant.

_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, RANDY ROBLES ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Coral Springs.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, CREDIT COUNSEL, INC., ("Defendant") or ("CCI") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of

attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. The alleged debt arose out of Plaintiff's son's enrollment at a martial arts school.

12. The underlying contract stated that it could be cancelled if the student provided a doctor's note stating that he was no longer medically able to continue participating in the classes.

13. When Plaintiff provided a doctor's note, however, he was suddenly told that he needed to prove a permanent medical impairment, which in fact the contract did not require.

14. Defendant yelled at Plaintiff and his wife in connection with an attempt to collect the alleged debt.

15. Defendant has repeatedly threatened to sue Plaintiff and garnish his wages

despite the fact that he doesn't not owe the debt in question, and the fact that no lawsuit had been filed nor had a judgment entered against him.

16.     Defendant represented to Plaintiff that Defendant's collector was calling from a "legal office."

17.     Defendant overshadowed the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period.

18.     During the initial 30 day dispute period, Defendant's collector called Plaintiff and his wife and told them that if the debt was not paid by the following Monday they would sue Plaintiff and garnish his wages.

19.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## **COUNT I**

20.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

21.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated  15 U.S.C. § 1692e(2)(A);
  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;
  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

23. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including but not limited to yelling at the Plaintiff and his wife in connection in an attempt to collect an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

25. Defendant violated 15 U.S.C. § 1692e(4) by falsely representing or implying

that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(4);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

27. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to sue Plaintiff and to garnish his wages as a result of his non-payment of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

29. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including representing that Defendant's collector was calling from a "legal office"

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

31.     Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST CCI

32.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this complaint.

33.     Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully engaged in conduct which could reasonably be expected to abuse or harass the Plaintiff and members of his family including but not limited to yelling at Plaintiff and his wife.

34.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, RANDY ROBLES, by and through his attorneys, respectfully prays for judgment as follows:

a.      All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT VIII
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST CCI

35. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this complaint.

36. Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by asserting the existence of a legal right with the knowledge that the right did not exist, including threatening to sue Plaintiff and to garnish his wages as a result of his non-payment of the alleged debt.

37. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, RANDY ROBLES, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

**COUNT IX**
**VIOLATIONS OF THE SECTION 559.72(12) OF THE FCCPA**
**AGAINST CCI**

38. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-19 of this complaint.

39. Defendant violated §559.72(12) of the Florida Consumer Collection Practices Act by orally communicating with Plaintiff in such a manner as to give the false impression or appearance that Defendant was an attorney or was associated with an attorney.

40. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, RANDY ROBLES, by and through his attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Emotional and/or mental anguish damages;

   c. Statutory damages of $1,000.00;

   d. Plaintiff's attorneys' fees and costs;

   e. Any other relief deemed appropriate by this Honorable Court.

**TRIAL BY JURY**

41. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this ___ day of _____, 20__.

Respectfully submitted,
**RANDY ROBLES**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com